IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| DOUGLAS DESEAN LOGAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 324-016 |
| | ) | |
| WARDEN BRIAN CHAMBERS; | ) | |
| CHABARA BRAGG; MS. MESSIER; and | ) | |
| OFFICER MANKUS, | ) | |
| | ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

According to Local Rule 4.1, the commencement of a civil action requires compliance with four specific criteria, including the presentation of the original complaint and the appropriate filing fee, or the original complaint and a petition to proceed *in forma pauperis* ("IFP"). Also, Local Rule 11.1, in conjunction with Federal Rule of Civil Procedure 11, requires every paper presented for filing to be signed by Plaintiff. When Plaintiff submitted his complaint on March 28, 2024, he had not signed it, (see doc. no. 1), and he did not pay the filing fee or submit a motion to proceed IFP. The Clerk of Court issued two deficiency notices that same day regarding the need to sign his complaint and the need to pay the $405 filing fee or file a motion to proceed IFP, and the notices warned Plaintiff that failure to correct the deficiencies could result in dismissal. (See doc. nos. 2, 3.) Plaintiff failed to respond to the Clerk's deficiency notices.

A district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to

comply with a court order.  Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)); see also Eades v. Ala. Dep't of Hum. Res., 298 F. App'x 862, 863 (11th Cir. 2008) (*per curiam*) ("District courts possess the ability to dismiss a case . . . for want of prosecution based on two possible sources of authority:  Fed. R. Civ. P. 41(b) or their inherent authority to manage their dockets.").  Moreover, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] [w]illful disobedience or neglect of any order of the Court; or [a]ny other failure to prosecute a civil action with reasonable promptness." Loc. R. 41.1 (b) & (c).

Plaintiff did not comply with the requirements for commencing a civil action by filing an unsigned complaint unaccompanied by the full filing fee or a motion to proceed IFP, and when given the opportunity to correct the deficiencies, Plaintiff failed to respond to the Clerk's notices.  Plaintiff's failure to comply with the filing requirements of the Local Rules and his failure to respond to the Clerk's deficiency notices amounts not only to a failure to prosecute, but also an abandonment of his case.

In sum, the time to respond has passed, and Plaintiff has not paid the filing fee or submitted a motion to proceed IFP as required.  Accordingly, the Court **REPORTS** and **RECOMMENDS** that this case be **DISMISSED** without prejudice and **CLOSED**.

SO REPORTED and RECOMMENDED this 10th day of May, 2024, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA